UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHARLES EDWARD WESLEY**,

    Petitioner,

v.                                                    **CIVIL NO. 04-0017 JB/DJS**

**PATRICK SNEDEKER, Warden,**

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner seeks to vacate the judgment and sentence entered in No. CR-97-1577 in the Third Judicial District, Dona Ana County, of New Mexico. In that proceeding Petitioner was convicted, pursuant to a jury verdict, of one count of Criminal Sexual Penetration 1st Degree (Child Under 13) and three counts of Criminal Sexual Contact of a Minor (Child Under 13). Petitioner was sentenced to a term of imprisonment of thirty-one years, nine years of which were suspended, the imprisonment to be followed by two years parole and five years of supervised probation.

2. Petitioner challenges his conviction and sentence on the grounds that he was afforded ineffective assistance of both trial and appellate counsel, that he was denied due process by

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

prosecutorial misconduct, that his trial was rendered unfair by judicial misconduct, and that his trial was rendered unconstitutional by fundamental error. In addition and despite filing an eighty-six page petition for relief, Petitioner requests that this Court address all of the claims he raised in state court proceedings.

3. 28 U.S.C. §2254(b)(1) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent asserts that Petitioner failed to exhaust his state court remedies as to all of the claims brought in the instant petition, rendering it a "mixed petition". Respondent has moved to dismiss the petition on that ground and on the basis that some claims are procedurally defaulted. In addition, Respondent moved to dismiss the petition on the ground that it is time barred. The Court disagrees with the latter contention.

**TIMELINESS**

4. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified in part as 28 U.S.C. §2244(d)(1), became effective April 24, 1996 and established a one year statute of limitations for bringing *habeas* petitions pursuant to 28 U.S.C. §2254. That time period begins to run from the date on which the judgment became final by the conclusion of direct review or the expiration of time for direct review. 28 U.S.C. §2244(d)(1)(A). Alternatively, the time begins to run from the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2244(d)(1)(D). The one year statute of limitations is tolled during the time in which a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. §2244(d)(2).

5. Petitioner's judgment and sentence was entered on May 10, 2000, after the effective date

of the AEDPA. Answer, Exhibit A. The New Mexico Court of Appeals affirmed his conviction on November 16, 2000. Answer, Exhibit F. His conviction became final ninety days after that, on February 14, 2001, when his time to seek a writ of *certiorari* from the United States Supreme Court had passed. Locke v. Saffle, 237 F.3d 1269, 1271-73 (10th Cir. 2001), U.S. Sup.Ct. Rule 11.1. Petitioner did not seek collateral review in the New Mexico courts until December 18, 2001. Answer, Exhibit G. Review of that petition for writ of *habeas corpus* was concluded by the New Mexico Supreme Court denying *certiorari* on October 1, 2003. The instant petition was filed on January 6, 2004. Two hundred and sixty-seven days passed between the day Petitioner's conviction became final and the tolling of the AEDPA time period by his state *habeas* petition. Another ninety six days, for a total of three hundred and sixty-three, passed before he filed the instant petition just within the one-year time period.

      6. Respondent calculates that Petitioner's conviction became final twenty days after the New Mexico Court of Appeals denied his direct appeal, when the time limit for seeking review of that decision by the New Mexico Supreme Court passed. If that were the case, the instant petition would be untimely. However, the holding of Locke, *supra*, mandates another result and the instant petition was timely filed.

      7. Although Respondent argues that this petition is subject to dismissal as a mixed petition containing both exhausted and unexhausted claims, he does not identify which claims he asserts are unexhausted but which are not subject to procedural default. Petitioner's claims can be divided into three categories: those raised before the New Mexico Court of Appeals on direct appeal, those raised in the state *habeas* petition and subsequently presented to the New Mexico Supreme Court, and those claims which were not presented to the New Mexico courts. The last category consists of

Petitioner's claim that his *habeas* counsel rendered ineffective assistance.

**PROCEDURAL DEFAULT**

8. Respondent contends that Petitioner's claims raised in the New Mexico Court of Appeals on direct appeal but not presented to the New Mexico Supreme Court are not properly before this Court. The Court agrees, as such claims are procedurally defaulted. See Watson v. New Mexico, 45 F.3d 385, 387 (10th Cir. 1995) (Procedural default where *certiorari* review not sought from denial of state *habeas* petition); also see Maes v. Thomas, 46 F.2d 979 985-86 (10th Cir.) (Issues abandoned on direct appeal in New Mexico considered defaulted) cert. denied 514 U.S. 1115 (1995). Further, under New Mexico law, claims which could be, but are not, raised on direct appeal, are considered procedurally defaulted. Jackson v. Shanks, 143 F.3d 1313, 1318 (10th Cir.) cert. denied 525 U.S. 950 (1998). This doctrine does not apply to ineffective assistance of counsel claims. Jackson, 143 F.3d at 1318-19. Accordingly, the only claims for which Petitioner has avoided procedural default consist of those claims alleging ineffective assistance of counsel.

9. Petitioner can excuse his default if he can show cause for the default and prejudice from it or that exercise of the default will result in a fundamental miscarriage of justice. Maes 46 F.3d at 984. In the context of procedural default, cause is some objective factor external to the defense which impedes efforts to raise the defaulted claims in state court. Id. at 987 (citation omitted). Petitioner has not shown cause for his default. Further, although he claims to be factually innocent of the crime, Petitioner has not supported that claim so as to demonstrate extraordinary circumstances where a constitutional violation probably has caused the conviction of one innocent of the crime. Such a showing is required to show a fundamental miscarriage of justice. McCleskey v. Zant, 499 U.S. 467, 502 (1991).

**FAILURE TO EXHAUST**

10. Petitioner did not raise his ineffective *habeas* counsel claim before the New Mexico courts, rendering that claim unexhausted. However, as pointed out by Respondent, this Court can consider unexhausted claims which are without merit. §28 U.S.C. 2254(b)(2); Hoxsie v. Kerby, 108 F.3d 1239, 1242-43 (10th Cir.) cert. denied, 522 U.S. 844 (1997). This claim is without merit because the constitutional right to counsel does not extend to collateral proceedings. Pennsylvania v. Finley, 481 U.S. 551, 558 (1987). Where there is no right to counsel, a proceeding cannot be rendered unconstitutional by ineffective assistance and Petitioner is therefore not entitled to relief on this ground under §2254.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

11. In examining the merits of Petitioner's ineffective assistance of counsel claims, this Court must view the arguments in light of the standard set forth in 28 U.S.C. §2254(d), which provides that:

> An application for writ of *habeas corpus*...shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

This language means that if a state court ruled upon the merits of a *habeas* petitioner's claims, a federal court may grant his petition only if the petitioner can establish that the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law; decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or unreasonably applied the governing legal principle to the facts of the prisoner's case. Elliot v. Williams, 248 F.3d 1205, 1207 (10th Cir. 2001) (citing Williams v. Taylor, 529 U.S. 362 (2000)). When reviewing a

state court's application of federal law, federal courts are precluded from issuing the writ simply because they conclude in their independent judgment that the state court applied the law erroneously or incorrectly. Rather, the federal court must be convinced that the application was also objectively unreasonable. Id. In addition, a federal court "presume[s] the factual findings of the state court are correct unless petitioner can rebut this presumption by clear and convincing evidence." Smallwood v. Gibson, 191 F.3d 1257, 1265 (10th Cir. 1999) (citing § 2254(e)(1)). Further, there is an adjudication "on the merits" in the absence of evidence that the state court did not consider and reach the merits of Petitioner's claims. Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir.1999).

12. In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Judicial scrutiny of counsel's performance is highly deferential and indulges a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Rogers v. United States, 91 F.3d 1388, 1392 (10th Cir. 1996); Miles v. Dorsey, 61 F.3d 1459, 1478 (10th Cir. 1995) (citations omitted). Under the prejudice aspect of Strickland as applied to trial counsel, a federal court inquires whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Rogers, 91 F.3d at 1392. Petitioner must establish that counsel's deficient performance rendered his trial fundamentally unfair or unreliable. Id..

13. With regard to ineffective assistance of appellate counsel, this Court reviews Petitioner's claims in light of the holding that "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288. In order to evaluate appellate

counsel's performance, the federal *habeas* court must look to the merits of the omitted issue. Upchurch v. Bruce, 333 F.3d 1158, 1163 (10th Cir.) cert. denied 540 U.S. 1050 (2003). Petitioner must show that there is a reasonable probability that the omitted claim would have resulted in a reversal on appeal. Neill v. Gibson, 278 F.3d 1044, 1057 n. 5 (10th cir. 2001) cert. denied 537 U.S. 835 (2002). "If the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance...." Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir.2003).

      14. Petitioner asserts that his appellate counsel failed to adequately and accurately explain the factual issues on appeal, failed to assert sufficient facts in the appellate briefing, and that his trail counsel failed to timely file an appeal. With regard to the latter contention, Petitioner suffered no prejudice from any such lapse, as the New Mexico Court of Appeals considered the merits of his direct appeal. Petitioner's assertions that his appellate counsel failed to adequately explain the issues on appeal and failed to assert sufficient relevant facts fall short of showing that there is a reasonable probability of a reversal on appeal if such facts and/or explanations had been brought to the appellate court's attention. Consequently, Petitioner is not entitled to any relief on his claim that he was not afforded effective assistance of appellate counsel.

      15. The New Mexico *habeas* court ruled upon the merits of Petitioner's ineffective assistance of trial counsel claim. Answer, Exhibit J. In doing so, that court applied essentially the same standard as that found in Strickland, *supra*. Answer, Exhibit J, p 1 (citing State v. Trujillo, 42 P.3d 814, 828 (N.M. 2002) which relies upon the Strickland standard to decide a New Mexico ineffective assistance of counsel claim). Consequently, Petitioner can only obtain relief if he can show that the New Mexico Court decided the case differently than the Supreme Court has on a set of materially indistinguishable

facts or unreasonably applied the governing legal principle to the facts of the prisoner's case. See Elliot, 248 F.3d at 1207.

16. Petitioner's first claim regarding his trial counsel is that his attorney failed to file a motion to dismiss based upon a violation of his right to a speedy trial. However, the New Mexico Court of Appeals examined the issue and determined that Petitioner's right to a speedy trial had not been violated. Petitioner was not prejudiced by his attorney's failure to raise the issue, as the merits of that issue were examined. Accordingly, Petitioner cannot show prejudice from counsel's alleged failure, as the relief which he would have obtained by filing a motion to dismiss, which was an examination of whether his right to speedy trial had been violated, was achieved on appeal.

17. Petitioner next asserts that his trial attorney was ineffective because he did not permit Petitioner to testify in his own defense. He raised this issue in his state *habeas* petition as a failure of counsel to move to suppress certain statements which the trial court ruled would be admissible on cross-examination if Petitioner testified. Answer, Exhibit H, pp. 16-17. The description of the claim in state court, where Petitioner asserts he was forced to make a strategic decision not to testify to avoid the introduction of incriminating statements, is at odds with his factual contention before this Court, where he claims that his trial attorney told him he could not testify because he was "mental" and the trial court ignored his request to testify. Petition, p. 13.

18. The law is clear that a criminal defendant has a constitutional right to testify in his own behalf at trial. Rock v. Arkansas, 483 U.S. 44, 49-52 (1987). The decision whether to testify lies squarely with the defendant; it is not counsel's decision. Jones v. Barnes, 463 U.S. 745, 751 (1983). Defense counsel should inform the defendant that he has the right to testify and that the decision whether to testify belongs solely to him. See Teague, 953 F.2d at 1533-34. Counsel should also

8

discuss with the defendant the strategic implications of choosing whether to testify, and should make a recommendation to the defendant. See id.. Yet counsel lacks authority to prevent a defendant from testifying in his own defense, even when doing so is suicidal trial strategy. See United States v. Janoe, 720 F.2d 1156, 1161 & n. 10 (10th Cir.1983). Under the circumstances of this case, particularly given the factual description of this claim before the state court, Petitioner has failed to show that his constitutional right to testify has been violated. Based upon Petitioner's representation of the claim in his state *habeas* proceeding, the decision of the New Mexico court is not contrary to established federal law and Petitioner is not entitled to relief.

     19. Petitioner contends that his trial counsel was ineffective for placing into evidence a videotaped interview with the victim and for allowing portions of that videotape to be skipped over at trail. Petitioner asserts that rather than playing the videotape, counsel should have cross-examined the victim regarding the contents of the interview or presented a transcript or other form of the material. In addition, Petitioner asserts that playing the videotape of the interview was ineffective assistance because the interview consisted of unsworn testimony. By these contentions, Petitioner is challenging counsel's strategic decisions, which are accorded substantial deference by the courts. See Hatch v. Oklahoma, 58 F.3c 1447, 1459 (10th Cir. 1995). The New Mexico district court's decision in denying the state *habeas* petition was in accordance with federal precedent, noting that there was no showing that, but for trial counsel's actions, the result of the trial would have been different. Under the standard set forth in 28 U.S.C. 2254(d), Petitioner is not entitled to relief on this claim in light of his contentions before this Court and the deference accorded the state court ruling.

     20. Petitioner contends that his counsel was ineffective for failing to object that one of the witnesses called by the prosecution, the father of the victim, was not sworn in prior to testifying.

Petitioner does not show that the alleged failure affected the trial or that the testimony given by the witness was false. Consequently, he cannot show prejudice from the alleged failure and is not entitled to relief on this ground.

21. Petitioner asserts that his attorney was ineffective for failing to call expert witnesses in his defense. He contends that an expert medical witness would have testified that no physical evidence supported the prosecution's claims and that a psychological expert witness should have been picked to interview the victim and to testify regarding that interview. In addition, Petitioner contends that the safe house staff member who conducted the videotaped interview of the victim should have been called as a witness, as the interviewer told Petitioner's state *habeas* counsel that she did not believe the victim's story. A *habeas* court cannot begin to apply Strickland's standards to a " missing witness" claim unless the petitioner makes a specific, affirmative showing as to what the missing evidence or testimony would have been. United States v. Lane, 926 F.2d 694, 701 (7th Cir. 1991) cert. denied, 502 U.S. 1113 (1992). In this instance, to the extent that Petitioner has made such a showing, he has failed to demonstrate prejudice stemming from the lack of the testimony. Specifically, the safe house interviewer's opinion as to the victim's credibility would not constitute admissible evidence. Petitioner has made no more than conclusory allegations regarding his contention that medical and psychological experts would have provided testimony favorable to his defense.

22. Petitioner asserts that his trial counsel was ineffective for failing to investigate the circumstances under which the victim and her family were living prior to the rape and in failing to investigate and interview the other persons staying at the same locations as the victim's family. In addition, Petitioner contends that his counsel should have called one of the victim's brothers, who was in the room at the time of the crime. Petitioner contends that the brother would have contradicted

the victim's testimony and that, although he was on the prosecution's witness list, he was not called. Once again, in the absence of some showing that those individuals would have provided testimony favorable to the defense, Petitioner cannot show prejudice from his attorney's alleged failure.

23. Petitioner asserts that his attorney failed to effectively cross-examine the victim by failing to question her regarding details of her testimony which varied from the interview she provided in the safe house after the crime. Specifically, Petitioner contends that his attorney should have questioned the child regarding different accounts as to whether her brother slept in the same bed as she did on the night of the attack or on the floor next to the bed, whether she was carried or led out of the room, and whether she awoke her brother. In addition, Petitioner asserts that there were other inconsistencies in the victim's testimony. None of the alleged failures rise to the level of ineffective assistance of counsel. Rather, they fall within the broad range of trial strategy for questioning a minor witness.

24. Petitioner contends that his attorney was ineffective for failing to disclose to the jury the results of tests performed by the state crime lab. Petitioner notes that his attorney argued during closing statements that the prosecution failed to present any physical evidence of hair, sperm, or saliva connecting Petitioner to the crime. Given the relative evidentiary burdens at trial, Petitioner has not shown that his trial counsel's strategy amounted to ineffective assistance of counsel.

25. Petitioner also contends that his attorney was ineffective for failing to object to prosecutorial and judicial misconduct. Petitioner asserts that the prosecutors made several inappropriate comments on the evidence and that the victim was coached on the stand by her mother, who was sitting in the gallery. As with many of the other claims raised by Petitioner regarding his trial counsel, the New Mexico *habeas* court did not address these claims specifically. Nonetheless, the

decision denying the state *habeas* petition is entitled to deference. See Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir.1999) (holding that there is an adjudication "on the merits" in the absence of evidence that the state court did not consider and reach the merits of petitioner's claims). "We owe deference to the state court's result, even if its reasoning is not expressly stated." Id. Here, Petitioner's repetition of his allegations made in his initial state *habeas* petition does not rise to the level of rebutting the presumption that the decision of the state court was correct. Consequently, he is not entitled to *habeas* relief on these claims.

## RECOMMENDED DISPOSITION

That Respondent's Motion to Dismiss be granted in part, that this petition be denied and that this matter be dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**