# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**CHARLES EDWARD WESLEY**,

      Petitioner,

v.                                                         **CIVIL NO. 04-0017 JB/DJS**

**PATRICK SNEDEKER, Warden,**

      Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

      1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner seeks to vacate the judgment and sentence entered in No. CR-97-1577 in the Third Judicial District, Dona Ana County, of New Mexico. In that proceeding Petitioner was convicted, pursuant to a jury verdict, of one count of Criminal Sexual Penetration 1st Degree (Child Under 13) and three counts of Criminal Sexual Contact of a Minor (Child Under 13). Petitioner was sentenced to a term of imprisonment of thirty-one years, nine years of which were suspended, the imprisonment to be followed by two years parole and five years of supervised probation.

      2. On March 15, 2005, the Court entered Proposed Findings and a Recommended Disposition regarding this case. The District Judge adopted those findings in part. Consequently, the petition was dismissed as untimely. Alternatively, the Court found that Petitioner's ineffective

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

assistance of counsel claim should be denied on the merits and that his other claims were procedurally defaulted. Petitioner appealed. Initially, the Tenth Circuit Court of Appeals affirmed the decision. Subsequently, Petitioner presented evidence showing that, contrary to Respondent's earlier representation, Petitioner had sought *certiorari* review from the New Mexico Supreme Court. In light of that evidence, on March 14, 2006, the Tenth Circuit Court of Appeals reversed the decision, finding that the Petition was timely filed and remanded the matter for consideration of all claims. Due to a clerical error, the case was not reopened until February, 2007, when that operation was performed *nunc pro tunc*. The Court now turns to the merits of the Petition.

4. Petitioner challenges his conviction and sentence on the grounds that he was afforded ineffective assistance of both trial and appellate counsel, that he was denied due process by prosecutorial misconduct, that his trial was rendered unfair by judicial misconduct, and that his trial was rendered unconstitutional by fundamental error. In addition and despite filing an eighty-six page petition for relief, Petitioner requests that this Court address all of the claims he raised in state court proceedings.

5. In examining the merits of Petitioner's claims, this Court must view the arguments in light of the standard set forth in 28 U.S.C. §2254(d), which provides that:

> An application for writ of *habeas corpus*...shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

This language means that if a state court ruled upon the merits of a *habeas* petitioner's claims, a federal court may grant his petition only if the petitioner can establish that the state court arrived at

a conclusion opposite to that reached by the Supreme Court on a question of law; decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or unreasonably applied the governing legal principle to the facts of the prisoner's case. Elliot v. Williams, 248 F.3d 1205, 1207 (10th Cir. 2001) (citing Williams v. Taylor, 529 U.S. 362 (2000)). When reviewing a state court's application of federal law, federal courts are precluded from issuing the writ simply because they conclude in their independent judgment that the state court applied the law erroneously or incorrectly. Rather, the federal court must be convinced that the application was also objectively unreasonable. Id. In addition, a federal court "presume[s] the factual findings of the state court are correct unless petitioner can rebut this presumption by clear and convincing evidence." Smallwood v. Gibson, 191 F.3d 1257, 1265 (10th Cir. 1999) (citing § 2254(e)(1)). Further, there is an adjudication "on the merits" in the absence of evidence that the state court did not consider and reach the merits of Petitioner's claims. Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir.1999).

### PROSECUTORIAL MISCONDUCT

6. Petitioner asserts that his trial was rendered unconstitutional by prosecutorial misconduct. Such a claim is cognizable in a federal *habeas* proceeding. Fero v. Kerby, 39 F.3d 1462, 1473 (10th Cir. 1994). However, prosecutorial misconduct does not warrant federal *habeas* relief unless the conduct complained of "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974). Under this heading, Petitioner first asserts that the prosecutor failed to take his case to trial in a timely manner. The New Mexico Court of Appeals determined that Petitioner's right to speedy trial was not violated. Answer, Exhibit F, p. 2-3. That court noted that Petitioner absconded from New Mexico for a nearly a year and concluded that he was responsible for most of the twenty-five month delay between his arrest

and trial.

   7. Although the New Mexico Court of Appeals' conclusion is based upon New Mexico law as well as Supreme Court precedent, it is not contrary to clearly established federal law. The Sixth Amendment of the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." In Barker v. Wingo, 407 U.S. 514 (1972), the Supreme Court articulated a four-factor balancing test to determine whether a defendant has been deprived of his right to a speedy trial. The four factors to be considered are (1) the length of the delay, (2) the reason for the delay, (3) the extent to which the defendant asserted his speedy trial rights, and (4) prejudice to the defendant. Id. at 530-32. The three interests that the speedy trial right was designed to protect are:  (1) prevention of oppressive pretrial incarceration, (2) minimization of the accused's anxiety and concern, and (3) minimization of the possibility that a delay will hinder the defense. Barker, 407 U.S. at 532, 582. Impairment of the defense is the most important interest. Id. While no single factor is either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial, only when the period of delay is presumptively prejudicial need the Court inquire into the other factors. United States v. Hill, 197 F.3d 436, 443-44 (10th Cir. 1999). There is no set point which pretrial delay will trigger a Barker analysis; however, the Courts have generally found delay 'presumptively prejudicial' as it approaches one year. Doggett v. United States, 505 U.S. 647, 652, fn. 1 (1992). The two year delay in Petitioner's trial passes that threshold.

   8. In concluding that he had not been denied his right to speedy trial, the New Mexico Court of Appeals considered Petitioner's claim in light of the Barker factors. Answer, Exhibit F, p. 2. As found by that Court, Petitioner violated his conditions of pretrial release and left the jurisdiction of New Mexico for nearly a year. Thus, he was not subject to oppressive pretrial incarceration and was responsible for much of the delay in his trial. Petitioner did not timely assert his right to speedy trial,

as it was not first raised before the trial court. Answer, Exhibit F, p. 2. Lastly, Petitioner has not shown how he was prejudiced by the delay. As Petitioner was not denied his Constitutional right to a speedy trial, he cannot show prosecutorial misconduct in delaying his trial deprived him of due process.

9. Petitioner next claims that the prosecutor withheld information that the victim had made prior claims of abuse, which information was not discovered by his attorney until counsel viewed a videotape of a safe house interview shortly before the jury saw that tape. Petitioner further asserts that the prosecutor edited out portions of the safe house interview of the victim to prevent the jury from discovering the prior claims of sexual misconduct by the victim, as well as to remove conflicting accounts of the crime. In addition, Petitioner claims that the prosecutor failed to timely notify defense counsel that swabs from the rape kit had been lost, waiting until two days prior to trial to convey that information. Petitioner asserts that the swabs had been tested but did not implicate him.

10. With respect to the assertion that the prosecutor tampered with the videotape of the safe-house interview, the New Mexico Court of Appeals found that he had not preserved the issue on direct appeal but left the matter open to being raised in a *habeas* petition. Answer, Exhibit F, p. 5. His claim that the prior claims of abuse were not timely disclosed was not made on direct appeal or in his Amended Habeas petition. Answer, Exhibit H. Similarly, Petitioner's Amended Petition for Writ of Habeas Corpus to the New Mexico court did not include the claim regarding prosecutorial tampering with the videotape. Id. Petitioner's *habeas* counsel requested that the state court consider the claims made in his original *pro se* petition, but did not raise the charge of prosecutorial tampering with evidence or the claim of untimely disclosure of prior reports of sexual abuse in the petition for *certiorari* from the denial of the *habeas* petition. Answer, Exhibit K, p. 5. Accordingly,

Petitioner has procedurally defaulted those claims by failing to adequately present them to the New Mexico courts.  See Watson v. New Mexico, 45 F.3d 385, 387 (10th Cir. 1995) (Procedural default where *certiorari* review not sought from denial of state *habeas* petition); also see Maes v. Thomas, 46 F.2d 979 985-86 (10th Cir.) (Issues abandoned on direct appeal in New Mexico considered defaulted) cert. denied 514 U.S. 1115 (1995).

11. Petitioner raised the issue of the missing vaginal and anal swabs from the rape kit under the rubric of ineffective assistance of counsel in his amended state *habeas* petition. Answer, Exhibit H, pp. 11-13. In that petition, he also noted that his attorney argued the absence of physical evidence, such as hair, sperm, or the baby oil which the victim testified Petitioner used as a lubricant on the victim or her clothing. Answer, Exhibit H, p. 8. Petitioner further noted that state's rebuttal that he has the same subpoena powers as the government. Id..

12. Brady v. Maryland, 373 U.S. 83, 867 (1963), established that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment irrespective of the good faith or bad faith of the prosecution." United States v. Young, 45 F.3d 1405, 1407 (10th Cir. 1995). Prejudice to the accused must have ensued from the suppression of the evidence. Strickler v. Greene, 527 U.S. 263, 281-82 (1999). Brady evidence will be material, and thus prejudicial, "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different," Strickler, 527 U.S. at 280. This is equivalent to the prejudice analysis for ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984). Romano v. Gibson, 239 F.3d 1156, 1172 (10th Cir. 2001). Here, Petitioner cannot meet his burden of showing that the result of the proceeding would have been different if the swabs, lacking evidence of sperm or baby oil, had been produced at trial. As it was, Petitioner was able to argue the lack of any such evidence as well

as the state's burden to prove that he did in fact rape the victim. Despite the lack of evidence, the jury believed the victim and convicted Petitioner. Nonetheless, he is not entitled to federal *habeas* relief on this claim.

13. Petitioner claims that the prosecutors engaged in improper closing argument in referring to his exercise of his right to remain silent and equating his failure to testify to an admission of guilt. Once again, these claims were not raised on direct appeal or to the New Mexico Supreme Court in Petitioner's state *habeas* proceeding and are, therefore, procedurally defaulted.

### JUDICIAL MISCONDUCT

14. Petitioner asserts that the state trial judge was biased and abused her discretion. He contends that the judge's bias was shown by her statement that she would not consider dismissing the case for a speedy trail violation, by her refusal to replace Petitioner's court-appointed counsel, by permitting unsworn testimony to be viewed by the jury, by permitting the prosecutor to tamper with the videotape of the safe house interview of the victim, by permitting the victim to view the videotape of her safe house interview, thus giving her access to her prior inconsistent statements, by allowing the victim's mother to be present in the courtroom during the victims testimony and to coach the victim in that testimony, by addressing the victim with the terms "honey" and "sweetie" during the victim's testimony, by limiting the cross-examination of the victim, by failing to swear in the victim's father, Daniel Zufall, before his testimony, by permitting prosecutorial misconduct during closing arguments, by denying Petitioner his right to testify in his own defense, by issuing a fugitive from justice warrant for Petitioner, by imposing conditions of probation and parole which will guarantee his failure, by denying him good-time credit for pre-trial confinement, and by denying an evidentiary hearing in his state *habeas* petition.

15. To succeed on his claim of judicial bias, petitioner must demonstrate either that the trial

judge was actually biased against him or that "circumstances were such that an appearance of bias created a conclusive presumption of actual bias." Fero v. Kerby, 39 F.3d 1462, 1478 (10th Cir.1994). It is well established that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Petitioner must show that the judge was unable to hold the balance between vindicating the interests of the court and the interests of the accused. Nichols v. Sullivan, 867 F.2d 1250, 1254 (10th Cir. 1989).Petitioner never presented most of these claims on direct appeal or to the New Mexico Supreme Court on *certiorari* review, thereby procedurally defaulting them.[2]

16. Petitioner did raise the issue of the impropriety of permitting unsworn testimony before the jury in the New Mexico courts. Answer, Exhibit F, p. 3-4. That claim arises from Petitioner's decision to present the video taped safe house interview of the victim in his defense. He sought an instruction to the jury that the prior inconsistent statements in that interview should only be considered for the purposes of determining credibility, which instruction was denied. The New Mexico Court of Appeals found that Petitioner had not shown that he was harmed by the failure to give the limiting instruction. Id. Even if the ruling were probative of judicial bias, given that Petitioner has not shown that the New Mexico Court of Appeals was incorrect in its conclusion that it was harmless, Petitioner cannot demonstrate that it rendered his trial fundamentally unfair.

17. Petitioner also raised the claim that he was denied the right to testify on his own behalf.

---

[2]Petitioner can excuse his default if he can show cause for the default and prejudice from it or that exercise of the default will result in a fundamental miscarriage of justice. Maes 46 F.3d at 984. In the context of procedural default, cause is some objective factor external to the defense which impedes efforts to raise the defaulted claims in state court. Id. at 987 (citation omitted). Petitioner has not shown cause for his default. Further, although he claims to be factually innocent of the crime, as discussed in ¶36 below, Petitioner has not supported that claim so as to demonstrate extraordinary circumstances where a constitutional violation probably has caused the conviction of one innocent of the crime.

On direct appeal, he characterized the denial as resulting from the ruling at trial that certain post-*Miranda* statements made by him would be admissible on cross-examination should he testify. Answer, Exhibit F, p. 4-5. Petitioner raised the issue in his state *habeas* proceeding as a claim of ineffective assistance of *habeas* counsel, arguing that his appellate counsel's characterization of Petitioner's post-*Miranda* statements as voluntary was an error. Answer, Exhibit H, p. 16-17. Although Petitioner argued, with the assistance of counsel, that he was denied the right to testify on his own behalf, he never raised that argument as one showing judicial bias. Under the standard for showing a Constitutional violation stemming from bias or the appearance of prejudice, this claim fails, as Petitioner has not shown that the evidentiary ruling of the trial judge was incorrect, let alone caused by some improper motive.

18. Petitioner raised the issue of the denial of an evidentiary hearing in his state *habeas* proceeding when he sought *certiorari* review of the denial of that petition. Answer, Exhibit K, p. 1. The Court notes that the judge who ruled on Petitioner's state *habeas* petition was not the same judge who presided over his trial. The instant federal *habeas* petition does not explain nor provide any evidence how the refusal of the state court to conduct an evidentiary hearing is indicative of bias, other than being a ruling contrary to Petitioner's wishes. Petitioner has not shown that the failure to provide him with an evidentiary hearing on his state *habeas* petition rendered his conviction Constitutionally infirm. See Pennsylvania v. Finley, 481 U.S. 551, 557 (1987) (no constitutional provision requires a state to grant post-conviction review).

**INEFFECTIVE ASSISTANCE OF COUNSEL**

19. In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Judicial scrutiny of counsel's performance is highly deferential and indulges a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Rogers v. United States, 91 F.3d 1388, 1392 (10th Cir. 1996); Miles v. Dorsey, 61 F.3d 1459, 1478 (10th Cir. 1995) (citations omitted). Under the prejudice aspect of Strickland as applied to trial counsel, a federal court inquires whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Rogers, 91 F.3d at 1392. Petitioner must establish that counsel's deficient performance rendered his trial fundamentally unfair or unreliable. Id..

20. With regard to ineffective assistance of appellate counsel, this Court reviews Petitioner's claims in light of the holding that "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288. In order to evaluate appellate counsel's performance, the federal *habeas* court must look to the merits of the omitted issue. Upchurch v. Bruce, 333 F.3d 1158, 1163 (10th Cir.) cert. denied 540 U.S. 1050 (2003). Petitioner must show that there is a reasonable probability that the omitted claim would have resulted in a reversal on appeal. Neill v. Gibson, 278 F.3d 1044, 1057 n. 5 (10th cir. 2001) cert. denied 537 U.S. 835 (2002). "If the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance...." Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir.2003).

21. Petitioner asserts that his appellate counsel failed to adequately and accurately explain the factual issues on appeal, failed to assert sufficient facts in the appellate briefing, and that his trail counsel failed to timely file an appeal. With regard to the latter contention, Petitioner suffered no prejudice from any such lapse, as the New Mexico Court of Appeals considered the merits of his

10

direct appeal. Petitioner's assertions that his appellate counsel failed to adequately explain the issues on appeal and failed to assert sufficient relevant facts fall short of showing that there is a reasonable probability of a reversal on appeal if such facts or explanations had been brought to the appellate courts' attention. Consequently, Petitioner is not entitled to any relief on his claim that he was not afforded effective assistance of appellate counsel.

22. Although it did not address each individual claim, the New Mexico *habeas* court ruled upon the merits of Petitioner's ineffective assistance of trial counsel claim. Answer, Exhibit J. In doing so, that court applied essentially the same standard as that found in Strickland, *supra*. Answer, Exhibit J, p 1 (citing State v. Trujillo, 42 P.3d 814, 828 (N.M. 2002) which relies upon the Strickland standard to decide a New Mexico ineffective assistance of counsel claim). As noted previously, because the New Mexico court ruled upon the merits of the claim, Petitioner can only obtain relief if he can show that the New Mexico courts reached a different result than the Supreme Court has on a set of materially indistinguishable facts or that the New Mexico courts unreasonably applied the governing legal principle to the facts of the prisoner's case. See Elliot, 248 F.3d at 1207.

23. Petitioner's first claim regarding his trial counsel is that his attorney failed to file a motion to dismiss based upon a violation of his right to a speedy trial. As discussed earlier in these proposed findings, Petitioner's right to speedy trial was not violated. Further, the New Mexico Court of Appeals considered the merits of Petitioner's speedy trial claim. Answer, Exhibit F. Accordingly, Petitioner cannot show prejudice from counsel's alleged failure, as the relief which he would have obtained by filing the motion to dismiss, which was an examination of whether his right to speedy trial had been violated, was achieved on appeal.

24. Petitioner next asserts that his trial attorney was ineffective because he did not permit Petitioner to testify in his own defense. He raised this issue in his state *habeas* petition as a failure

of counsel to move to suppress certain statements which the trial court ruled would be admissible on cross-examination if Petitioner testified. Answer, Exhibit H, pp. 16-17. The description of the claim in state court, where Petitioner asserts he was forced to make a strategic decision not to testify to avoid the introduction of incriminating statements, is at odds with his factual contention before this Court, where he claims that his trial attorney told him he could not testify because he was "mental" and the trial court ignored his request to testify. Petition, p. 12.

25. The law is clear that a criminal defendant has a constitutional right to testify in his own behalf at trial. Rock v. Arkansas, 483 U.S. 44, 49-52 (1987). The decision whether to testify lies squarely with the defendant; it is not counsel's decision. Jones v. Barnes, 463 U.S. 745, 751 (1983). Defense counsel should inform the defendant that he has the right to testify and that the decision whether to testify belongs solely to him. See Teague, 953 F.2d at 1533-34. Counsel should also discuss with the defendant the strategic implications of choosing whether to testify, and should make a recommendation to the defendant. See id.. Yet counsel lacks authority to prevent a defendant from testifying in his own defense, even when doing so is suicidal trial strategy. See United States v. Janoe, 720 F.2d 1156, 1161 & n. 10 (10th Cir.1983).

26. Petitioner's arguments on direct appeal and in his state *habeas* that he was prevented from testifying by the trial court's ruling that he would be subject to impeachment with certain statements he made after his Miranda warnings are consistent with a reasoned decision by Petitioner and his counsel to avoid him taking the stand in order to prevent his cross examination and the introduction of evidence harmful to his case. Under these circumstances, particularly given the factual description of this claim before the state court, Petitioner has failed to show that his constitutional right to testify has been violated. Based upon Petitioner's representation of the claim in his state *habeas* proceeding, the decision of the New Mexico court is not contrary to established

federal law and Petitioner is not entitled to relief.

27. Petitioner contends that his trial counsel was ineffective for placing into evidence a videotaped interview with the victim and for allowing portions of that videotape to be skipped over at trial. Petitioner asserts that rather than playing the videotape, counsel should have cross-examined the victim regarding the contents of the interview or presented a transcript or other form of the material. In addition, Petitioner asserts that playing the videotape of the interview was ineffective assistance because the interview consisted of unsworn testimony. By these contentions, Petitioner is challenging counsel's strategic decisions, which are accorded substantial deference by the courts. See Hatch v. Oklahoma, 58 F.3c 1447, 1459 (10th Cir. 1995). The New Mexico district court's decision in denying the state *habeas* petition was in accordance with federal precedent, noting that there was no showing that, but for trial counsel's actions, the result of the trial would have been different. Under the standard set forth in 28 U.S.C. 2254(d), Petitioner is not entitled to relief on this claim in light of his contentions before this Court and the deference accorded the state court ruling.

28. Petitioner contends that his counsel was ineffective for failing to object that one of the witnesses called by the prosecution, the father of the victim, was not sworn in prior to testifying. Petitioner does not show that the alleged failure affected the trial or that the testimony given by the witness was false. Consequently, he cannot show prejudice from the alleged failure and is not entitled to relief on this ground.

29. Petitioner asserts that his attorney was ineffective for failing to call expert witnesses in his defense. He contends that an expert medical witness would have testified that no physical evidence supported the prosecution's claims and that a psychological expert witness should have been picked to interview the victim and to testify regarding that interview. In addition, Petitioner contends that the safe house staff member who conducted the videotaped interview of the victim

should have been called as a witness, as the interviewer told Petitioner's state *habeas* counsel that she did not believe the victim's story. A *habeas* court cannot begin to apply Strickland's standards to a " missing witness" claim unless the petitioner makes a specific, affirmative showing as to what the missing evidence or testimony would have been. United States v. Lane, 926 F.2d 694, 701 (7th Cir. 1991) cert. denied, 502 U.S. 1113 (1992). In this instance, to the extent that Petitioner has made such a showing, he has failed to demonstrate prejudice stemming from the lack of the testimony. Specifically, the safe house interviewer's opinion as to the victim's credibility would not constitute admissible evidence. Petitioner has made no more than conclusory allegations regarding his contention that medical and psychological experts would have provided testimony favorable to his defense. Consequently, he has not shown prejudice from the alleged failures of counsel with respect to the missing witness claims.

30. Petitioner asserts that his trial counsel was ineffective for failing to investigate the circumstances under which the victim and her family were living prior to the rape and in failing to investigate and interview the other persons staying at the same locations as the victim's family. In addition, Petitioner contends that his counsel should have called one of the victim's brothers, who was in the room at the time of the crime. Petitioner contends that the brother would have contradicted the victim's testimony and that, although he was on the prosecution's witness list, he was not called. Once again, in the absence of some showing that those individuals would have provided testimony favorable to the defense, Petitioner cannot show prejudice from his attorney's alleged failure.

31. Petitioner asserts that his attorney failed to effectively cross-examine the victim by failing to question her regarding details of her testimony which varied from the interview she provided in the safe house after the crime. Specifically, Petitioner contends that his attorney should

14

have questioned the child regarding different accounts as to whether her brother slept in the same bed as she did on the night of the attack or on the floor next to the bed, whether she was carried or led out of the room, and whether she awoke her brother. In addition, Petitioner asserts that there were other inconsistencies in the victim's testimony. None of the alleged failures rise to the level of ineffective assistance of counsel. Rather, they fall within the broad range of trial strategy for questioning a minor witness.

32. Petitioner contends that his attorney was ineffective for failing to disclose to the jury the results of tests performed by the state crime lab. Petitioner notes that his attorney argued during closing statements that the prosecution failed to present any physical evidence of hair, sperm, or saliva connecting Petitioner to the crime. Given the relative evidentiary burdens at trial, Petitioner has not shown that his trial counsel's strategy amounted to ineffective assistance of counsel.

35. Petitioner also contends that his attorney was ineffective for failing to object to prosecutorial and judicial misconduct. As noted previously in these proposed findings, Petitioner has not shown prosecutorial or judicial misconduct actually occurred in those claims he presented to the state courts. Under the rubric of ineffective assistance of counsel, Petitioner asserts that the prosecutors made several inappropriate comments on the evidence and that the victim was coached on the stand by her mother, who was sitting in the gallery. As with many of the other claims raised by Petitioner regarding his trial counsel, the New Mexico *habeas* court did not address these claims specifically. Nonetheless, the decision denying the state *habeas* petition is entitled to deference. See Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir.1999) (holding that there is an adjudication "on the merits" in the absence of evidence that the state court did not consider and reach the merits of petitioner's claims).  "We owe deference to the state court's  result, even if its reasoning is not expressly stated." Id. Here, Petitioner's repetition of his allegations made in his initial state *habeas*

petition does not rise to the level of rebutting the presumption that the decision of the state court was correct. Consequently, he is not entitled to *habeas* relief on these claims.

### FUNDAMENTAL ERROR

36. Petitioner contends that he is actually innocent of the crimes for which he was convicted. To succeed in this claim, Petitioner must present evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error. Schlup v. Delo, 513 U.S. 298, 316 (1995). Substantial claims that errors of constitutional dimension have caused the conviction of an innocent person are "extremely rare." Id. at 324. Petitioner presents no new evidence in support of his claim, but rather re-argues the points raised earlier in the petition. Because none of those arguments are persuasive and Petitioner presents no other grounds for the Court to conclude that he is actually innocent, relief on this ground should also be denied.

### RECOMMENDED DISPOSITION

That this petition be denied and that this matter be dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**