**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CHARLES EDWARD WESLEY,

      Petitioner,

v.                                               No. CIV 04-0017 JB/DJS

PATRICK SNEDEKER, WARDEN,

      Respondent.

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

      The Magistrate Judge filed his Proposed Findings and Recommended Disposition on September 1, 2007 (Doc. 44). Petitioner filed objections to the Proposed Findings on September 12, 2007 (Doc. 46). Accordingly, the Court has conducted a de novo review of the Proposed Findings as well as of the pleadings in this matter. The Court adopts the Magistrate Judge's findings and provides some additional explanation for its decision.

**PROCEDURAL BACKGROUND**

      On October 4, 2007 the Court ordered that the state court records be made available in Wesley's case. See Order by District Judge James O. Browning requiring the Respondent to provide to the Court within 30 days of the entry of this order certain state court records as described herein (Doc. 48). The Court received the requested records on October 30, 2007. See Transmittal of Record Proper, filed Oct. 30, 2007 (Doc. 49). The Court reviewed portions of the record in order to make a fully informed decision.

**HABEAS CORPUS STANDARD OF LAW**

      28 U.S.C. § 2254 states:

      (d) An application for a writ of habeas corpus on behalf of a person in custody

pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

(A) the claim relies on--

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

"To be entitled to an evidentiary hearing in a federal habeas action, the petitioner must first make allegations which, if proved, would entitle him to relief." Medina v. Barnes, 71 F.3d 363, 366 (10th Cir. 1995)(citing Townsend v. Sain, 372 U.S. 293, (1963), overruled on other grounds by Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992)). "If the petitioner does that the court must then determine whether petitioner is entitled to an evidentiary hearing . . . ." Townsend v. Sain 372 U.S. at 309. In Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998), the United States Court of Appeals

for the Tenth Circuit stated: "The petitioner who seeks an evidentiary hearing in federal court must now clear the 'initial hurdle' of § 2254(e)(2) before the court can proceed to determine whether an evidentiary hearing is otherwise proper or necessary." 161 F.3d at 1253.  Thus, a court must first ask whether the petitioner has "failed to develop the factual basis of a claim in State court." Id.  See 28 U.S.C. § 2254(e)(2)(internal citations and quotations omitted). If the petitioner has failed to develop the factual basis of a claim in state court, the federal court must deny the request for a hearing unless the petitioner establishes that one of the two exceptions set forth in § 2254(e)(2) applies. See Miller v. Champion, 161 F.3d at 1253.  "If, on the other hand, the applicant has not failed to develop the facts in state court, [the court] may proceed to consider whether a hearing is appropriate, or required under [pre-Antiterrorism and Effective Death Penalty Act standards]." Id. (internal citations and quotations omitted).  In Bryan v. Mullin, the Tenth Circuit noted that, if a petitioner does not fail to develop the factual basis of a claim in state court proceedings, then the pre-Antiterrorism and Effective Death Penalty Act ("AEDPA") standard for granting an evidentiary hearing applies. See 335 F.3d at 1214.  However, "where . . . a habeas petitioner has diligently sought to develop the factual basis underlying his habeas petition, but a state court has prevented him from doing so, § 2254(e)(2) does not apply." 161 F.3d at 1253.  Thus, "[u]nder the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." Bryan v. Mullin, 335 F.3d 3 1207, 1215, n.5 (10th Cir. 2003)(internal citations and quotations omitted).

Under pre-AEDPA standards, a petitioner "is entitled to an evidentiary hearing so long as his allegations, if true and not contravened by the existing factual record, would entitle him to habeas relief." Bryan v. Mullin, 335 F.3d at 1214 (internal citations and quotations omitted).  In

addition, a habeas petitioner must show either: "(1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing." Townsend v. Sain, 372 U.S. at 312-13. Even under the pre-AEDPA standard, a federal court defers to state court findings of historical fact absent some reason to doubt the adequacy or accuracy of the state court proceeding. See Medina v. Barnes, 71 F.3d at 369.

## EXHAUSTION OF STATE COURT REMEDIES

28 U.S.C. § 2254 states:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c)(emphasis added).

## <u>ANALYSIS</u>

The Court believes that Wesley has not met the burden of proving that he is entitled to an evidentiary hearing on this matter.  The logical order of 28 U.S.C. § 2254 suggests that, for a petitioner to receive an evidentiary hearing under subsection (e), he must first satisfy 28 U.S.C. § 2254(d) by showing that the State court adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the State court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. <u>See</u> 28 U.S.C. § 2254(d). Additionally, case law suggests that, for a petitioner "[t]o be entitled to an evidentiary hearing in a federal habeas action, the petitioner must first make allegations which, if proved, would entitle him to relief." <u>Medina v. Barnes</u>, 71 F.3d at 366 (internal citations and quotations omitted). As is evidenced by the Magistrate Judge's Proposed Findings, Wesley's allegations are insufficient to meet this requirement.  Wesley, therefore, is not entitled to an evidentiary hearing because to conduct such a hearing would be futile.

Thus, following review of the record proper of the state court proceedings and the pleadings filed before it, the Court finds that Wesley has not met the burden of proving that he is entitled to an evidentiary hearing on this matter. Although Wesley disputes the state court's factual findings, the Court does not believe he does so by clear and convincing evidence.  <u>See</u> 28 U.S.C. § 2254(e). Wesley does not allege any new evidence of which the state court was not aware. Further, he does not identify any evidence that the state court refused to take into account in making its decision. Rather, Wesley disputes the state court findings against him and its conclusions regarding the facts

without showing that the state court reached an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). While the Court acknowledges that it must take as true the facts that Wesley alleges, those alleged facts must overcome the Court's required deference to the state court's factual determinations. Wesley's allegations do not rise to this level, and thus he is not entitled to an evidentiary hearing or to relief on his claims.

In its review of the State record, the Court found several instances in which Wesley's contentions are in conflict with the trial record.  These findings, along with the findings of the Magistrate Judge, further support the Court's conclusion that Wesley's allegations do not support the granting of his writ of habeas corpus or his request for an evidentiary hearing.

In Wesley's objections to the Magistrate Judge's proposed findings and recommended disposition, Wesley alleges that the Magistrate Judge is incorrect in his finding that Wesley was not denied his right to testify at trial.  See Petitioner's Objections to United States Magistrate Judge Don J. Svet's Proposed Findings and Recommended Disposition That Petitioner Received on September 07, 2007 (Document is not Dated), filed Sept. 12, 2007 (Doc. 46)("Wesley's Objections"). Specifically, Wesley states:

> Petitioner told trial counsel (Lawrence Allred) that he wanted to testify, but trial counsel told petitioner that "he could not testify, because he was mental."  Judge Svet wrongfully states on page 12, para[graph] 24 in his proposed findings that "petitioner was forced to make a strategic decision not to testify to avoid introduction of incriminating statements." This is totally untrue!  Petitioner told trial counsel, and trial judge that he wanted to testify in his own defense, but trial counsel stated, "Defen[s]e rests," and I was not allowed to testify!  Trial counsel made the decision, not petitioner, petitioner demanded his constitutional right to testify!  Which denied petitioner his only voice of defense!!!

See Wesley Objections at 6.  Concerned by Wesley's claims of being openly denied the right to testify after relaying his desire to testify to his attorney and to the trial judge, the Court looked at the

transcript of the trial.  Before the defense counsel stated that Wesley would not testify, the Court had

taken a ten to fifteen minute recess for the purpose of allowing the defense time to decide if Wesley

was going to testify in light of the Court's decision to allow the state to cross-examine him on

various issues, including his mental history and his mental condition on the night of the alleged

incident.  <u>See</u> Transcript of Proceedings CR-97-1577, ("Tr.") at 256:5-23 (Court & Allred).  The

relevant portion of the transcript stated:

> THE COURT:  Mr. Allred, I think if your client does make a decision to testify, I think his credibility will be at issue and certainly his mental history is going to be relevant to that credibility.  And I think I will allow the State to bring in statements.
>
> Now, had they sought to introduce those in their case in chief, then I think, under those circumstances, that would be highly prejudicial.  But I think, once your client takes the witness stand, who he is and his mental condition, certainly on the night of the alleged incident, is highly relevant.
>
> And they have information that they obtained not through any illegal means but voluntarily through your client.  I mean, he volunteered these statements about his mental condition.  I think they'd be entitled to present that to the jury.
>
> MR. ALLRED:  Yes, ma'am.
>
> THE COURT:  Do you need a few minutes to make a decision?
>
> MR. ALLRED:  Yes, ma'am.
>
> THE COURT:  We'll be in recess for about 10 to 15 minutes.
>
> (NOTE:  Court recessed at 3:00 p.m.)
>
> THE COURT:  Please be seated.  Mr. Allred?
>
> MR. ALLRED:  Yes, ma'am.  In light of the Court's ruling concerning the admissibility of evidence, my client's mental history and mental state, he's chosen not to testify.
>
> THE COURT:  Do you have any other evidence?
>
> MR. ALLRED:  No ma'am.

Id. at 256:5-257:10 (Court & Allred).  The Court does not believe the transcript reflects that Wesley was denied the right to testify by his attorney or by the trial judge during his trial.  The record does not reflect that Wesley indicated to the Court or to his attorney, at the time this decision was made, that he wanted to testify. The allegation that Wesley was denied his right to testify, on the record, therefore, appears to be untrue.

Additionally, the trial transcript contravenes Wesley's contention that the judge permitted, and his attorney failed to object to, Daniel Zufall, a witness, being permitted to testify without being sworn in. The record indicates that Mr. Zufall was properly sworn in before testifying.  The record specifically states:

DANIEL ZUFALL

(Being first duly sworn, testified as follows:) . . .

Tr. at 77:20-21.  Although the Court acknowledges that it is possible for the trial transcript to contain a mistake, aside from Wesley's assertion, the transcript is the only record that the Court has which indicates whether Mr. Zufall was properly sworn in before testifying.  The trial record in this situation contravenes Wesley's contentions.

Furthermore, Wesley contends that, during the closing argument, the "district Attorney's Assistant claimed before the jury, that the defendant's silence was an admissions of guilt, she stated '[h]e must be guilty, you heard Amy claim that he raped her, but did you hear Mr. Wesley say that he didn't[?]'" Petition for a Writ of Habeas Corpus at 13, filed Dec. 18, 2001.  The Court reviewed the closing argument and rebuttal that the State made, and did not find any statements made by either of the state attorneys suggesting that Mr. Wesley's silence implicated guilt.  See Tr. at 272:20-281:25 (Orlando), 296:24-304:1 (Martinez).  Instead, during its rebuttal argument, one of the State

-8-

attorneys told the jury: "[i]f you don't hear it from this witness stand, you cannot speculate about it . . . you must consider the facts as presented in this courtroom." Tr. at 302:19-23 (Martinez). Although this comment was not directly related to Wesley's failure to testify, these comments, as well as the lack of a statement in the record as alleged by Wesley, contravene Wesley's contention that the prosecution committed misconduct during closing arguments.

Additionally, the Court notes that, Wesley "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This process of exhaustion includes addressing a specific issue in a Petition for a Writ of Certiorari to the New Mexico Supreme Court.  The allegations that he did not present to the Supreme Court of New Mexico are procedurally defaulted. See Watson v. New Mexico, 45 F.3d 385, 387 (10th Cir. 1995) (noting that procedural default occurred where certiorari review was not sought from denial of state habeas petition); Maes v. Thomas, 46 F.3d 979 985-86 (10th Cir.) (noting that issues abandoned on direct appeal in New Mexico are to be defaulted), cert. denied 514 U.S. 1115 (1995).  Although Wesley states that he has raised many of his alleged claims in a particular state court, his efforts are not sufficient "if he has the right under the law of the State to raise, by any available procedure the question presented." See 28 U.S.C. § 2254(c)

**IT IS ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition are adopted along with the Court's additional explanation of its decision.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Charles Edward Wesley
Grants, New Mexico

      *Pro Se Plaintiff*

Ann M. Harvey
  Assistant Attorney General
Santa Fe, New Mexico

      *Attorney for Defendant*